# McCabe *v.* Watt, Appellant (No. 1).

| 224 | 253 |
| Case 2 | |
| e224 | 260 |

| 224 | 253 |
| Case 2 | |
| 227 | 474 |
| f227 | 2475 |

*Equity—Nuisance—Mandatory injunction.*

1. A mandatory injunction is a proper remedy in a proper case, and may lie to compel the abatement of a nuisance in some instances. It is an extreme remedy and should only be applied when legal rights are unlawfully invaded, or legal duties are willfully or wantonly neglected.  This should be the controlling thought in the mind of a chancellor in the consideration of the respective rights and duties of the parties in a proceeding where a bill is filed praying for such relief.

*Mines and mining—Burning mine—Nuisance—Mandatory injunction—Equity.*

2. A mandatory injunction will not be granted against the lessee of a burning mine at the instance of the municipal authorities of a city within whose limits the mine is situated, where it appears that the company defendant had tried for a year and one-half to put out the fire, and resorted to every means within its power to extinguish it, and in so doing had spent an amount of money equal to its entire capital stock.

3. In such a case the injunction will not be granted because (1) the fire has ceased to be a nuisance, and has become a public enemy; (2) the legal rights of the complainant have not been willfully and wantonly disregarded; (3) the enforcement of the injunction would require too great an amount of supervision by the court, and (4) because the corporation should not be compelled to do more than it had already done.

Argued Feb. 24, 1909. Appeal, No. 25, Jan. T., 1909, by defendant, from decree of C. P. Lackawanna Co., March T., 1908, No. 10, awarding a mandatory injunction in case of John McCabe et al. and the City of Carbondale v. W. W. Watt and The Finn Coal Company. Before FELL, BROWN, POTTER, ELKIN and STEWART, JJ. Reversed.

Bill in equity for a mandatory injunction.
The facts appear by the opinion of the Supreme Court.

The court in an opinion by EDWARDS, P. J., entered the following final decree:

This cause came on to be heard at a regular term of equity court, and was argued by counsel, and upon consideration thereof, it is ordered, adjudged and decreed as follows:

1. The bill of complaint is hereby dismissed as to W. W. Watt, one of the defendants.

2. A mandatory injunction is directed to be issued against The Finn Coal Company, the other defendant, commanding the said The Finn Coal Company to extinguish and suppress the fire and to abate the nuisance described in plaintiffs' bill.

3. The said The Finn Coal Company is ordered to pay the costs of the case.

*Error assigned* was the decree of the court.

*M. J. Martin,* with him *R. W. Rymer,* for appellant.—The Finn Coal Company has not been negligent in the performance of any duty it owed to the complainants in reference to the fire: Sanderson v. Scranton, 105 Pa. 469.

If the fire existed on the premises before a lease was made

to The Finn Coal Company and without knowledge of the fire being brought home to the coal company, the coal company is not responsible to third persons, such as these plaintiffs, for maintaining a nuisance: Plummer v. Harper, 3 N. H. 88; Curtice v. Thompson, 19 N. H. 471; Knauss v. Brua, 107 Pa. 85; Fow v. Roberts, 108 Pa. 489; Wunder v. McLean, 134 Pa. 334; Reading v. Reiner, 167 Pa. 41; Eastman v. Manufacturing Co., 44 N. H. 143; Staple v. Spring, 10 Mass. 72; Light Co. v. Porter, 167 Ill. 276 (47 N. E. Repr. 206); Wiest v. Traction Co., 200 Pa. 148; Penna. Coal Co. v. Sanderson, 113 Pa. 126; Leidig v. Bucher, 74 Pa. 65.

The coal company having shown that it owns no other property and has no other assets than that being destroyed by the fire, and has spent more than its capital stock fighting the fire, a decree cannot be made against it which will require a further assessment against its stockholders of more than double its capital stock: Moyer v. Slate Co., 71 Pa. 293; Hedges v. Dixon County, 150 U. S. 182 (14 Sup. Ct. Repr. 71); Magniac v. Thomson, 56 U. S. 281; Thall's App., 119 Pa. 425; Heard v. Stamford, 3 P. Wms. 409; Henderson v. Overton, 10 Tenn. 394; Combs v. Young, 12 Tenn. 218.

At the time of filing the complainant's bill and at the present time the fire was a vis major or inevitable casualty: City of Allegheny v. Zimmerman, 95 Pa. 287; Penna. R. R. Co. v. Fries, 87 Pa. 234; Livezey v. Phila., 64 Pa. 106; Long v. Penna. R. R. Co., 147 Pa. 343; Amoskeag Mfg. Co. v. Ferryboat John Adams, 1 Cliff. (U. S.) 404; Ladd v. Foster, 12 Sawyer (U. S. ), 547; The Grace Girdler, 74 U. S. 196; Scully v. Kirkpatrick, 79 Pa. 324; Taylor v. Caldwell, 3 Best & Smith, 826; Ward v. Vance, 93 Pa. 499.

Even if we concede that the fire has not reached such proportions as to be a vis major it is at least of such character as to require a person of special skill, judgment and discretion, and his constant supervision and direction over a long series of varied and continuous acts to suppress or confine or extinguish it which a court of equity should not undertake to supervise: Clarno v. Grayson, 30 Ore. 111 (46 Pac. Repr. 426); Texas, etc., Ry. Co. v. Marshall, 136 U. S. 393 (10 Sup. Ct.

Repr. 846), Powell Duffryn Steam Coal Co. v. Taff Vale Ry. Co., L. R. 9 Ch. 331; Wheatley v. Westminster Brymbo Coal Co., L. R. 9 Eq. 538; Dentzel v. Rocky Glen Park Co., 7 Lack. Jur. 213; Fleming v. Snook, 5 Beav. 250; Musgrave v. Horner, 31 L. T. Reps. (N.'S. ) 632.

A. A. *Vosburg* and I. H. *Burns*, with them *R. D. Stuart, Gramer & Horton* and C. W. *Dawson*, for appellee.—If authority is needed for the proposition that the facts warrant the finding of the court that a nuisance exists which should be abated, we cite: Metzger v. Hochrein, 50 L. R. A. 305; Spelling on Extraordinary Relief, sec. 441; Chesley v. King, 74 Me. 164.

OPINION BY MR. JUSTICE ELKIN, March 29, 1909:

A mandatory injunction is a proper remedy in a proper case, and may lie to compel the abatement of a nuisance in some instances. No one questions the power of a court of equity to afford the relief intended to be secured by the interposition of this strong arm of the law if the facts warrant the application of such a remedy. It is an extreme remedy and should only be applied when legal rights are unlawfully invaded or legal duties are willfully or wantonly neglected. This should be the controlling thought in the mind of a chancellor in the consideration of the respective rights and duties of the parties in a proceeding where a bill is filed praying for such relief. Hence, the record presented on this appeal must be examined to ascertain whether under the facts found and not disputed such a case is made out as to warrant a court in issuing its mandate to remove the destructive agency.

A coal mine fire was started in 1902 when Barton was the lessee by dumping hot ashes and cinders into the opening or depression of the surface near the engine room. The smouldering ashes ignited some refuse matter and the fire gradually spread until it came in contact with an old culm bank. The fire at first was scarcely noticed and no danger was apprehended by reason of it. In July, 1903, appellant became the owner and operator of the mine. Barton, who was the owner

at the time the fire started, sold out and retired from the business. It is apparent that at the time appellant purchased the mine and property the smoldering fire was either unnoticed or not considered serious because it cannot be assumed that any company would be willing to invest large sums of money in a property being consumed by fire. It was not until 1904 that the fire began to spread and to assume a somewhat serious aspect. Later it developed into a dangerous mine fire and now covers an area of many acres and shows no signs of abating.

In 1905 the lessee adopted such measures as were deemed sufficient to extinguish the fire, but these efforts were unavailing. In the summer of 1906 the lessors contributed $2,000 for the purpose and the appellant consulted a mining engineer as to the best means of putting out the fire, or of confining it within certain limits. A plan was adopted and work on a comprehensive and expensive scale was started in order to meet the emergency and protect the mine property which was being destroyed by the fire. A large force of men was employed and upwards of $35,000 were expended by appellant on this work, which continued for about one year and a. half, when it was abandoned. The fire continued to spread and has now reached such proportions as to menace the health and property of adjacent owners. It should be observed that all of these things have happened within the municipal limits of the city of Carbondale. The complainants now ask a court of equity to compel appellant to do under its decree what it has failed to do after a year and a half of continuous effort and the expenditure of an amount of money equal to its entire capitalization. This, too, in the face of the fact that appellees have stood idly by and done nothing while the property of appellant was being destroyed by a consuming fire beyond its ability to control, and in its efforts to do so has become insolvent. Under these circumstances it must now be determined whether the decree of the court below directing a mandatory injunction to issue should be affirmed. After careful consideration we have concluded it should not be.

There are four reasons why the decree entered in the court below should not be affirmed, any one of which should be persuasive and all of which are conclusive. First, the injunction is asked for and allowed on the ground that appellant is maintaining a nuisance by failure to put out the fire. This is a misapprehension of the situation. It is a nuisance only in the sense that it is working hurt and damage. In this sense any building on fire would be a nuisance. How can appellant be said to be maintaining a nuisance when it has expended its entire capital stock in an effort to abate it? If the fire ever was a nuisance in the legal sense, it has long ago spread beyond any such limitation, and should now be regarded and treated as a public enemy. The common interests of all citizens should be united in an effort to subdue it. Second, to warrant the granting of a mandatory injunction it must clearly appear that the legal rights of the complaining party are being invaded, or that the legal duties of the party against whom the writ is directed have been willfully and wantonly disregarded to the prejudice of the complainants. In the proceeding at bar we have to deal with the latter proposition. The proof does not measure up to this standard. It does not clearly appear that appellant has willfully and wantonly neglected or refused to perform its duty, but on the other hand the whole record shows diligent and persistent effort to cope with the situation. This appellant stands before the court with its property burned or burning, its assets all consumed, and its treasury exhausted by the efforts made to control the fire. How can it be said under these circumstances that there has been any such clear failure or neglect of duty as the law requires to sustain a writ of mandatory injunction? Third, a mandatory injunction should never be granted when its enforcement will require too great an amount of supervision by the court. It needs no citation of authorities to sustain this proposition. It is a fundamental principle and of general application in this and other jurisdictions. The principle is conceded but its application is denied in this proceeding. A statement of the facts is the best answer to this position. The enforcement of the

decree entered in the court below will necessitate, according to the evidence, the expenditure of $75,000. It will require the employment and supervision of a large force of men for a long period of time. Skillful and experienced men must be employed to direct the work, all of which involves the doing of something from day to day for an indefinite period, and this is what the courts have said will not be undertaken in the enforcement of their decrees, and if foreseen no such decree will be entered. Fourth, the decree entered in the court below is against the corporation, and so far as is disclosed by this record, neither the officers nor the stockholders can be subjected to any individual liability. At most, the corporation could only be compelled to use its corporate assets and funds in an effort to put out the fire, and the testimony shows that this has already been done. Under these circumstances a court of equity will not compel it to do more.

Decree reversed, injunction dissolved and bill dismissed at cost of appellees.