**L. F. PECK, Plaintiff in Error,**

v.

**STATE of Oklahoma ex rel. DEPARTMENT OF HIGHWAYS of the State of Oklahoma, Defendant in Error.**

**No. 38164.**

Supreme Court of Oklahoma.

March 29, 1960.

Ogden & Ogden, Guymon, O. S. Shaw, Boise City, for plaintiff in error.

Roland J. Walters, Jr., Chief Counsel-State Highway Commission, Jim Gowdy, Encroachment Atty., Oklahoma City, for defendant in error.

WELCH, Justice.

This appeal questions the right of the State Highway Commission, by the processes here involved, to enforce regulations governing the construction and maintenance of driveways on the right-of-way of designated State or Federal Highways.

The district court entered judgment in favor of plaintiff against the defendant for mandatory injunction, without any stated alternative, ordering said defendant to construct three driveways with 50 foot en-

trances across plaintiff's right-of-way into and upon his property, with safety islands separating said driveways in diamond shape, according to plans and specifications of said plaintiff, within 45 days from date of order, at his own expense.

Defendant first contends that the judgment of the trial court is against the weight of the evidence.

The record reveals that defendant started construction of a service station. on his premises near U. S. Highway 64, in the latter part of 1954, or early part of 1955; that in connection with this construction he hauled dirt and gravel and filled the bar ditch which was about four feet deep and ten feet wide under the direction of the local engineer of the State Highway Department; that he completed the service station in October, 1955, and opened the same as a place of business and continued operation until March of 1956, when he began operation of a cafe in connection with his service station.

On April 16, 1956, defendant was informed by an agent of the plaintiff that it would be necessary under the law for him to execute a driveway agreement, which he did, and said agreement is in the nature of an application on his part, and an approval on the part of the plaintiff, subject to defendant complying with certain requirements set forth in said agreement. The last paragraph of the agreement provides that the failure of the applicant to comply with any or all terms, or to maintain said driveways in a condition satisfactory to the Department of Highways, nullifies the authority granted by the Highway Department to use its right-of-way for that purpose, and constitutes authority of the Department of Highways to remove driveways and structures from its right-of-way.

We are of the view that the Highway Department is authorized to regulate the construction and maintenance of driveways on the highway right-of-way, under the provisions of Title 69 O.S.1951 § 157.3. We are also of the view that under the provisions of said section and the agreement it might be that the Department has the right, if properly exercised, to remove the driveways from its right-of-way, but the exact question here is the propriety of resorting to the extraordinary remedy of a permanent mandatory injunction.

A mandatory injunction is an extraordinary remedial process resorted to usually for the purpose of effectuating full and complete justice, and commands the performance of some positive act. However, even if the right is clear, it does not follow that a mandatory injunction, without stating an appropriate alternative, must be granted, and such an injunction will be issued only in case of extreme necessity, where the right invaded is material and substantial, and where other adequate redress is not afforded. Such mandatory injunctions will never be granted unless extreme or very serious damage at least will ensue from withholding that relief; nor will they be issued in doubtful cases, where they would or might promote and not remedy a wrong, where they would or might operate inequitably or oppressively, where enforcement will require too great an amount of supervision by the court, or where there has been unreasonable delay by the person seeking the injunction. 43 C.J.S. Injunctions § 5a.

The facts which will warrant such mandatory relief must be clear, free from all reasonable doubt, and disclose irreparable injury to the complainant. 28 Am. Jur. Sec. 21, Injunctions.

In Nolte Irrigation Co. v. Willis, Tex. Civ.App., 180 S.W.2d 451, 455, the court held:

"The extraordinary remedy of permanent mandatory injunction compelling the alteration, destruction, or removal of property should be granted with great caution and should not be granted unless serious injury is being inflicted or, in all probability, will be inflicted."

Also see Thomas v. Mississippi Power & Light Co., 170 Miss. 811, 152 So. 269; St. Michael's Ukrainian Greek Catholic

Church of Woonsocket v. Bohachewsky, 48 R.I. 234, 136 A. 878; McCabe v. Watt, 224 Pa. 253, 73 A. 453, 24 L.R.A.,N.S., 274; Litz v. First Huntington National Bank, 120 W.Va. 281, 197 S.E. 746.

The defendant is entitled to use the right-of-way of the Highway Department for driveway under the terms of the agreement and so long as he complies with the regulations of the Highway Department, but he must comply therewith in order to preserve such use right. We do not agree with the argument of defendant that the question of the necessity of regulation for the safety of the general public is a matter to be proven in the first instance before the court. We construe the statutes to give authority generally to the Highway Department to determine what regulations are necessary.

We agree that the mandatory injunction would be hard for the court to enforce without providing an alternative for the defendant, therefore we are of the opinion that under these circumstances the more feasible remedy is an injunction, enjoining defendant from continuing to maintain his driveway on the right-of-way of the Highway Department until said driveway is reconstructed in compliance with the agreement and Highway Department regulations, or requiring the defendant to do the things set out in this mandatory injunction, with alternative provision that if he fails to do so in a stated period, that the Department may completely remove the driveways and structures from its right-of-way adjacent to defendant's property.

Therefore, for the reasons stated, the judgment appealed from is reversed, and the cause remanded for new trial, with instructions for the trial court to proceed consistently with the views herein expressed.

Reversed and remanded.

DAVISON, C. J., WILLIAMS, V. C. J., and HALLEY, JOHNSON, BLACKBIRD, JACKSON and IRWIN, JJ., concur.

BERRY, J., dissents.