OSCN Found Document:OWENS v. ZUMWALT

 

 
 

 
 OWENS v. ZUMWALT
2022 OK 14
Case Number: 119786
Decided: 02/08/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 14, __ P.3 __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

RONDA K. OWENS, DARRYL HUBBARD, SELENA FREYMILLER, SHANIKA CROWLEY, VALERIE KILLMAN, MICHAEL LEE PITTS, EBONY WARRIOR, JOHN BALL, MICHELLE BULLOCK, LOGAN BELLEW, SONDIA BELL, TUMEEKA BAKER, and JAY REID, Plaintiffs/Appellees,
v.
SHELLEY ZUMWALT, in her official capacity as Executive Director of the Oklahoma Employment Security Commission, Defendant/Appellant.
ON APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTY,
STATE OF OKLAHOMA
HONORABLE ANTHONY L. BONNER, JR., DISTRICT JUDGE
Â¶0 Plaintiffs/Appellees Ronda K. Owens, Darryl Hubbard, Selena Freymiller, Shanika Crowley, Valerie Killman, Michael Lee Pitts, Ebony Warrior, John Ball, Michelle Bullock, Logan Bellew, Sondia Bell, Tumeeka Baker, and Jay Reid (collectively "Citizens") filed the underlying lawsuit seeking declaratory and injunctive relief. Citizens claim that Governor J. Kevin Stitt and Defendant/Appellant Shelley Zumwalt, in her official capacity as Executive Director of the Oklahoma Employment Security Commission, acted without authority and violated 40 O.S.2011 Â§ 4-313 of the Oklahoma Employment Security Act by terminating agreements with the U.S. Department of Labor to administer COVID-related unemployment programs. The trial court entered a preliminary injunction ordering Zumwalt to immediately reinstate and administer the programs. Zumwalt appealed, and this Court stayed the trial court's order pending appeal. We hold 40 O.S. Â§ 4-313 does not create a private right of action and, therefore, the trial court abused its discretion by granting a preliminary injunction.
STAY LIFTED;
PRELIMINARY INJUNCTION VACATED;
CAUSE REMANDED WITH INSTRUCTIONS
TO DISMISS WITH PREJUDICE.
Chadwick Smith, Palm Desert, California, and Brendan M. McHugh and Dana Jim, Claremore, Oklahoma, for Appellees.
Mithun Mansinghani, Zach West, and Andy N. Ferguson, Office of Attorney General, State of Oklahoma, for Appellant.
KANE, V.C.J.:
Â¶1 This is an interlocutory appeal from a preliminary injunction ordering Defendant/Appellant Shelley Zumwalt, in her official capacity as Executive Director of the Oklahoma Employment Security Commission, to immediately reinstate and administer federal COVID-related unemployment programs. We hold 40 O.S.2011 Â§ 4-313 does not create a private right of action and, therefore, the trial court abused its discretion by granting a preliminary injunction.
FACTS AND PROCEDURAL HISTORY
Â¶2 On March 15, 2020, Governor J. Kevin Stitt signed Executive Order No. 2020-07, declaring the COVID-19 pandemic to be a statewide emergency under the provisions of the Oklahoma Emergency Management Act, 63 O.S.Supp.2013 Â§Â§ 683.1-683.24. Congress passed the Coronavirus Aid, Relief, and Economic Security Act (the CARES Act) on March 27, 2020. The CARES Act made available to the states several new unemployment benefit programs. These programs included:
Pandemic Unemployment Assistance (PUA), 15 U.S.C.A. Â§ 9021, which provided benefits to persons who were not eligible for regular unemployment and whose unemployment or inability to work was caused by COVID-19.
Pandemic Emergency Unemployment Compensation (PEUC), 15 U.S.C.A. Â§ 9025, which added additional weeks of benefits for persons who had exhausted regular unemployment benefits.
Federal Pandemic Unemployment Compensation (FPUC), 15 U.S.C.A. Â§ 9023, which provided additional unemployment benefits in the amount of $600 per week from March 27, 2020 through July 31, 2020 and $300 per week through September 6, 2021.
Soon after passage of the CARES Act, the Executive Director of the Oklahoma Employment Security Commission (OESC) signed agreements with the U.S. Department of Labor (DOL) to administer the new COVID-related unemployment programs. Governor Stitt delegated authority for the execution of the agreements to the Executive Director of OESC. The Continued Assistance to Unemployed Workers Act added the Mixed Earner Unemployment Compensation (MEUC) program, 15 U.S.C. Â§ 9023(b)(1)(C). Governor Stitt also signed a delegation of authority for the execution of an agreement with the DOL to administer the MEUC program to the Executive Director of OESC.
Â¶3 Thereafter, on May 3, 2021, the Governor withdrew the COVID-19 emergency declaration. See Executive Order No. 2021-11. The COVID-related unemployment programs were set to expire on September 6, 2021. However, on May 14, 2021, Governor Stitt signed another delegation of authority to OESC Executive Director Shelley Zumwalt for purposes of terminating Oklahoma's agreements with the DOL to administer the COVID-related unemployment programs. On May 17, 2021, Governor Stitt signed Executive Order No. 2021-15, which indicated, as of June 27, 2021, Oklahoma would no longer provide COVID-related unemployment benefits and, instead, would provide a one-time $1,200 incentive to assist those returning to the workforce. The same day, Zumwalt provided written notice to the DOL that OESC was terminating the agreements. On June 19, 2021, OESC mailed written notices that the COVID-related unemployment benefits would end on June 26, 2021, and they did.
Â¶4 Plaintiff/Appellee Ronda K. Owens filed a Petition for Declaratory Judgment and Injunctive Relief against Zumwalt on July 7, 2021. The Petition was amended on July 20, 2021 to add Plaintiff/Appellee Darryl Hubbard and additional Plaintiffs/Appellees who lost benefits when the COVID-related unemployment programs ended (collectively, "Citizens"). Citizens alleged that Governor Stitt and Zumwalt acted without authority and violated 40 O.S. Â§ 4-313 of the Oklahoma Employment Security Act (OESA) by terminating the agreements with the DOL to administer COVID-related unemployment programs. Citizens sought a preliminary injunction requiring Zumwalt to administer the COVID-related unemployment programs. The trial court heard the matter on August 5, 2021. The trial court granted the preliminary injunction in an email on August 6, 2021 and ordered Zumwalt to immediately notify the DOL that Oklahoma would be reinstating the COVID-related unemployment programs. On August 9, 2021, the trial court entered an order granting the preliminary injunction and further enjoined Zumwalt from withdrawing Oklahoma from the COVID-related unemployment programs until the court rendered a final judgment on the merits or until the programs expired on September 6, 2021, whichever occurred first. The trial court did not stay the order. Zumwalt appealed.
Â¶5 On August 17, 2021, this Court granted Zumwalt's emergency motion to stay the trial court's order and retained the appeal. As a result, the COVID-related unemployment programs were not reinstated during the pendency of the appeal.
[1] Briefing concluded on November 17, 2021, and the record on appeal was transmitted to the Supreme Court on December 10, 2021.
STANDARD OF REVIEW
Â¶6 This Court reviews the granting of a preliminary injunction for an abuse of discretion. Brown v. Okla. Secondary Sch. Activities Ass'n, 2005 OK 88, Â¶ 11, 125 P.3d 1219, 1225. An abuse of discretion occurs when a decision is clearly against the weight of the evidence, contrary to law, or contrary to established principles of equity. See Sharp v. 251st St. Landfill, Inc., 1996 OK 109, Â¶ 4, 925 P.2d 546, 549. Whether a statute creates a private right of action presents a question of law, which the appellate court reviews de novo.
ANALYSIS
Â¶7 Oklahoma's participation in the COVID-related unemployment programs ended ten days before Citizens filed this lawsuit seeking declaratory and injunctive relief. A preliminary injunction preserves the status quo until there can be a final determination of the controversy. See State ex rel. State Highway Comm'n v. Gillam, 1940 OK 390, Â¶ 11, 105 P.2d 773, 775. "[T]he status quo which will be preserved by preliminary injunction is the last actual, peaceable, noncontested status which preceded the pending controversy . . . ." Dusbabek v. Local Bldg. & Loan Ass'n, 1936 OK 769, Â¶ 8, 63 P.2d 756, 759. When the petition was filed in this case, the status quo was that COVID-related unemployment programs were not being administered in Oklahoma. Plaintiffs were not seeking the typical preventative or prohibitive preliminary injunction to preserve the status quo. Rather, Plaintiffs sought to change the status quo. A mandatory injunction is an extraordinary remedial process that commands the performance of some positive act. See Peck v. State ex rel. Dep't of Highways, 1960 OK 89, Â¶ 7, 350 P.2d 948, 950. The trial court entered a mandatory preliminary injunction requiring Zumwalt to immediately reinstate and administer the programs.
Â¶8 To obtain a preliminary injunction, the plaintiffs must show that four factors weigh in their favor: (1) the likelihood of success on the merits; (2) irreparable harm to the parties seeking injunctive relief if the injunction is denied; (3) their threatened injuries outweigh the injury the opposing party will suffer under the injunction; and (4) the injunction is in the public interest. See Dowell v. Pletcher, 2013 OK 50, Â¶ 7, 304 P.3d 457, 460 (as corrected July 15, 2013). Mandatory injunctions are generally governed by the same rules applicable to preventative or prohibitive injunctions. See Thompson v. North, 1942 OK 346, Â¶ 6, 129 P.2d 1011, 1013. However, the rules are more strictly construed when applied to mandatory injunctions. The party seeking a mandatory injunction must show violation of a clear legal right and a case of necessity and great hardship. Id. Even if the right is clear, a mandatory injunction will be issued only in a "case of extreme necessity, where the right invaded is material and substantial, and where other adequate redress is not afforded." Peck, 1960 OK 89, Â¶ 7, 350 P.2d at 950. This Court has said that ordinarily a mandatory preliminary injunction should not be granted because the purpose of a preliminary injunction is to preserve the situation of the parties in status quo until a final determination of the controversy. See Gillam, 1940 OK 390, Â¶ 11, 105 P.2d at 775. "However, this rule is not without its exceptions and limitations and it is proper to grant relief of a mandatory character in a temporary injunction when the need is urgent and the right is clear." Id.
Â¶9 Zumwalt argues that Citizens have not established a likelihood of succeeding on the merits, because 40 O.S. Â§ 4-313 does not create a private right of action.[2] We agree. Without a cause of action, Citizens cannot state a claim upon which relief can be granted. As a result, they cannot succeed on the merits or show violation of a clear legal right.
Â¶10 Citizens seek a declaratory judgment that Zumwalt's early withdrawal from the COVID-related unemployment programs violated 40 O.S. Â§ 4-313, which provides:
In the administration of this act the Oklahoma Employment Security Commission shall cooperate to the fullest extent consistent with the provisions of this act, with the Social Security Act, as amended, and is authorized and directed to take such action, through the adoption of appropriate rules, administrative methods and standards, as may be necessary to secure to this state and its citizens all advantages available under the provisions of such act, under the provisions of Sections 1602 and 1603 of the Federal Unemployment Tax Act and under the provisions of the Act of Congress entitled "An Act to provide for the establishment of a national employment system and for cooperation with States in the promotion of such system, and for other purposes", approved June 6, 1933, as amended. The Commission shall comply with the regulations of the Secretary of Labor relating to the receipt or expenditure by this state of monies granted under any of such acts and shall make such reports, in such form and containing such information as the Secretary of Labor may from time to time require, and shall comply with such provisions as the Secretary of Labor may from time to time find necessary to assure the correctness and verification of such reports.
The Commission may afford reasonable cooperation with every agency of the United States charged with the administration of any unemployment insurance law.
40 O.S.2011 Â§ 4-313. This is a regulatory statute. The Supreme Court has adopted a three-pronged test to determine if a private cause of action can be inferred from a regulatory or public-law statute: (1) the plaintiff is one of the class for whose especial benefit the statute was enacted; (2) some indication of legislative intent, explicit or implicit, suggests that the Legislature wanted to create a private remedy and not to deny one; and (3) implying a remedy for the plaintiff would be consistent with the underlying purposes of the legislative scheme. See Holbert v. Echeverria, 1987 OK 99, Â¶Â¶ 7-8, 744 P.2d 960, 963.
Â¶11 Nothing in 40 O.S. Â§ 4-313 indicates the Legislature intended, either explicitly or implicitly, to create a private remedy to enforce the OESA. The Legislature does, however, provide an administrative remedy to enforce one's right to benefits under the OESA, including a process for challenging the denial of unemployment benefits. See 40 O.S.Supp.2019 Â§Â§ 2-601 to 2-619 (since amended by Laws 2021, c. 424, Â§ 8, eff. Nov. 1, 2021).
Â¶12 Citizens argue that this administrative remedy and judicial review process provides a private right of action.[3] Citizens rely on Plaintiff Darryl Hubbard's attempted administrative appeal of the OESC's denial of COVID-related unemployment benefits. Plaintiff Hubbard received a letter from the OESC with a mailed date of June 19, 2021. The letter notified him that the COVID-related unemployment benefits would end on June 26, 2021, and that he could appeal the OESC's determination within ten (10) days. Plaintiff Hubbard appealed, and on July 2, 2021, the OESC Appeals Tribunal responded: "You are not able to appeal the Governor's mandate to end the Federal benefits early. If you disagree with that decision you will need to contact the Governor's office directly." Citizens assert that because the Appeals Tribunal denied Plaintiff Hubbard's appeal, he brought this action. Citizens contend there is no need to exhaust administrative remedies when such effort would be useless.
Â¶13 We are not persuaded by Citizens' argument. Implying a private right of action would undermine the administrative scheme. Plaintiff Hubbard's administrative appeal and the underlying lawsuit are completely separate proceedings. The petition filed in this case was not one seeking judicial review of the Board of Review's decision denying COVID-related unemployment benefits. See 40 O.S.2011 Â§ 2-610 (since amended by Laws 2021, c. 424, Â§ 8, eff. Nov. 1, 2021). Plaintiff Hubbard abandoned his administrative appeal and, on July 20, 2021, opted to join this lawsuit seeking a declaratory judgment and injunctive relief in district court.[4]
Â¶14 Finally, Citizens' reliance on Hunsucker v. Fallin, 2017 OK 100, 408 P.3d 599 (as modified Dec. 20, 2017), is misplaced. Hunsucker does not support a private right of action under 40 O.S. Â§ 4-313. Hunsucker is about standing. Without a cause of action, there is no issue of standing.
Â¶15 Because we find Citizens do not have a private right of action, we need not address the merits of whether Governor Stitt and Zumwalt acted without authority or violated 40 O.S. Â§ 4-313 of the OESA by terminating the agreements with the U.S. Department of Labor to administer COVID-related unemployment programs.
CONCLUSION
Â¶16 We hold there is no private right of action for Citizens to enforce 40 O.S. Â§ 4-313 of the Oklahoma Employment Security Act. Therefore, the trial court abused its discretion by entering a mandatory preliminary injunction requiring Zumwalt to reinstate and administer the COVID-related unemployment programs.
STAY LIFTED;
PRELIMINARY INJUNCTION VACATED;
CAUSE REMANDED WITH INSTRUCTIONS
TO DISMISS WITH PREJUDICE.
CONCUR: Darby, C.J., Kane, V.C.J., Winchester, Gurich, Rowe, and Kuehn, JJ.
CONCUR IN RESULT: Kauger, Edmondson, and Combs (by separate writing), JJ.
FOOTNOTES
[1] Citizens' motion to set aside the stay and dismiss the appeal was denied by this Court on September 13, 2021.
[2] The trial court's order granting the preliminary injunction did not address this argument made by Zumwalt.
[3] In their Amended Petition, Citizens state they are bringing this declaratory judgment action pursuant to 75 O.S. Â§ 306. Section 306 of the Oklahoma Administrative Procedures Act applies to the validity or applicability of a rule. See 75 O.S.2011 Â§ 306. On appeal, Citizens do not argue that 75 O.S. Â§ 306 supports a private right of action to enforce 40 O.S.2011 Â§ 4-313.
[4] After receiving the letter from the Appeals Tribunal, Plaintiff Hubbard did not pursue the administrative appeal or otherwise seek to require the Appeals Tribunal to fulfill its duty.

Combs, J., with whom Kauger, J., joins, concurring in result:
Â¶1 I concur in the result of the majority opinion finding that the trial court abused its discretion by entering a mandatory preliminary injunction. It is my opinion that the Plaintiffs/Appellees' Petition for Declaratory Judgment and Injunctive Relief filed on July 7, 2021, was moot because the uncontroverted evidence reveals the benefits in question ended on June 26, 2021. The status quo at the time the petition was filed was that the unemployment programs at issue here were not being administered in Oklahoma. I would therefore concur in the result of the majority opinion.