OSCN Found Document:THE HONORABLE KENDAL SACCHIERI et al., v. SERVICE OKLAHOMA

 

 
 THE HONORABLE KENDAL SACCHIERI et al., v. SERVICE OKLAHOMA2026 OK 5Case Number: 123760Decided: 02/09/2026THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2026 OK 5, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

THE HONORABLE KENDAL SACCHIERI, Oklahoma State Senator, et al., Petitioners,
v.
SERVICE OKLAHOMA, and JAY DOYLE, in his official capacity as Executive Director, Respondents.

ORDER

¶1 Petitioner State Senator Kendal Sacchieri, along with 33 other Oklahoma State Senators and Representatives, ask the Oklahoma Supreme Court to temporarily enjoin Service Oklahoma and its Executive Director Jay Doyle from transmitting any record maintained by Service Oklahoma to the American Association of Motor Vehicle Administrators' State-to-State Verification Service. Senator Sacchieri also asks the Court to declare that Service Oklahoma lacks statutory authority to transmit records to the State-to-State Verification Service.

¶2 Senator Sacchieri introduced Senate Resolution 18 to the 1st Session of the 60th Legislature last spring, which sought to declare that "the State of Oklahoma should protect the personal information of our citizens who choose a REAL ID-noncompliant driver license or identification card by prohibiting the sharing of their personal identifiable information including biometric samples, biometric data, or biometric templates, absent a court-approved warrant." S. Res. 18, 60th Leg., 1st Sess. (Okla. 2025). The 60th Legislature adjourned and did not take up Senate Resolution 18. Where a matter has come before the Legislature, "that which the Legislature elected not to do may not be done as a contingency or emergency 'arising' subsequent to legislative adjournment." Wells v. Childers, 1945 OK 365165 P.2d 371

¶3 The statutory framework under which Service Oklahoma operates establishes its authority to transmit personal information. Service Oklahoma is to generally keep personal information from driver license and identification card holders confidential. 47 O.S. Supp. 2022, § 3-11047 O.S. 2021, § 6-110.3

¶4 For these reasons, Petitioners' application to assume original jurisdiction is denied. The request for an emergency stay or temporary injunction is also denied. Owens v. Zumwalt, 2022 OK 14

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 9th DAY OF FEBRUARY, 2026.

s/_____________________________
CHIEF JUSTICE

CONCUR: ROWE, C.J., WINCHESTER, EDMONDSON, GURICH and DARBY, JJ.

CONCUR IN RESULT: KUEHN, V.C.J. (by separate writing), COMBS, and JETT, JJ.

DISSENT: KANE, J. (by separate writing).

KANE, J., dissenting:

¶1 I would grant the emergency relief and remand to the District Court to forthwith take up all issues presented, including the requested temporary injunction.

KUEHN, V.C.J., Concurring in Result:

¶1 I agree that Petitioners' requests for a writ and a stay should be denied. Because the requests were filed directly with this Court, at this time there is no record sufficient to support a ruling for Petitioners. Had Petitioners brought this case in district court, they could have requested a stay while developing the record necessary to show standing, unlawful activity, and harm which could justify relief.