STATE ex rel. STATE HIGHWAY COMMISSION v. GILLAM et al. (two cases).

Nos. 29293, 29294. Sept. 24. 1940.

105 P. 2d 773.

Mac Q. Williamson, Atty. Gen., and Claude Weaver, Jr., Asst. Atty. Gen., for plaintiff in error.

Harry G. Davis, of Muskogee, for defendants in error.

DAVISON, J. This appeal embraces two separate actions which were consolidated for the purpose of trial in the lower court and have again, on stipulation of the parties and by approval of the court, been consolidated for the purpose of determination on appeal. It involves a dispute between the State of Oklahoma and Orin C. Gillam, R. F. Gillam, W. E. Cunningham, Barnsdall Refining Company, and Phillips Petroleum Company over the asserted use by the last-named person and corporations of a portion of a right of way acquired by the state for highway purposes. The State Highway Commission, as relator, instituted the two actions in behalf of the state in the district court of Muskogee county. The state alleged its acquisition of the right of way for highway purposes and asserted the wrongful use or occupancy thereof for private purposes by the defendants above named. It sought to effect the discontinuance of that use on the theory that the same constituted a nuisance which was subject to abatement. Injunctive relief was sought to accomplish that purpose.

On the 21st day of November, 1938, a temporary restraining order was issued in each of the actions, which by its terms expired on the 5th day of December, 1938, at which time the two causes were set to be heard on applications for temporary injunction. The hearing on said applications, however, was not held until December 13, 1938, when the parties appeared and introduced evidence, at the conclusion of which temporary injunctions containing mandatory features and imposing conditions on the relief accorded were granted. The details of the orders will be mentioned later.

The state, being aggrieved by the conditions imposed on the relief granted, filed a motion for a new trial in each of the cases, which motions were overruled; and the causes were appealed, being filed in this court on June 15, 1939. The order of appearance before the trial court is preserved in this court and we shall continue to refer to the parties by their trial court designation.

A brief epitomization of the facts disclosed by the pleadings and proof will suffice for the determination of this appeal.

In 1933 the State Highway Department obtained a right of way for highway purposes through the town of Warner, Okla. This right of way was thereafter used for the highway designated as U. S. 64. As far as the property herein involved is concerned, it was acquired by deed conveying to the state an easement for the purpose herein mentioned. The right of way was 100 ft. wide. The central portion of the right of way was paved, the pavement being 40 ft. in width.

Subsequent to the acquisition of the right of way by the state, the defendant R. F. Gillam, as the owner of the property adjacent thereto, erected a filling station which encroached upon the right of way approximately 28½ ft. The defendant Orin C. Gillam, as owner of other property adjacent to the highway, constructed a filling station and installed gasoline pumps in connection therewith which extended onto the right of way about 22 ft. He also erected a building to be used as a cafe which encroached upon the right of way about 6 ft.

The two cases filed, and subsequently consolidated, involved respectively the two properties above mentioned. In the case involving the R. F. Gillam property, the Barnsdall Refining Company was asserted to have an interest and was joined as a party defendant; similarly, in the case involving the Orin C. Gillam property, W. E. Cunningham and Phillips Petroleum Company were named as parties defendant.

The specific relief granted at the conclusion of the hearing on application for temporary injunction is best described by direct quotation of the vital

portion of one of the orders, the other being substantially the same. The order in the Orin C. Gillam case reads in part:

"It is therefore ordered, adjudged and decreed that a temporary injunction be granted herein, enjoining the said defendants, their servants, agents and all persons acting by, through or under their authority, from maintaining and operating a filling station on the right of way of the plaintiff until further order of this court, said injunction to be effective on the paying by the plaintiff to the defendants one-half of the cost of removing said filling station and encroachments from the right of way of the plaintiff, to all of which plaintiff excepts and an exception is allowed, and plaintiff gives notice in open court of intention to appeal from this order."

The state in presenting its appeal complains only of that portion of the order which imposes upon it as a condition to the relief granted the duty to pay one-half of the costs of removing the structures from the highway. In presenting the case on appeal it asserts in substance that the maintenance and use of the filling station, cafe, and gasoline pumps and other structures on the highway by the defendant insofar as they encroach upon the right of way constitute a public nuisance and are subject to abatement by a court of equitable cognizance. It asserts further that the trial court, having found and determined that such a nuisance was being maintained, could not properly, in this case, impose upon the state the duty to bear a portion of the expense of the removal thereof. The position thus taken by the state is supported in its brief by respectable authority and convincing argument. The state's argument is not refuted by the defendants in their brief and its soundness is therefore tacitly conceded. The defendants in presenting their case to this court rely exclusively and solely on procedural questions and seek to procure a dismissal of the appeal upon grounds which we shall subsequently treat. Insofar as the merits of the controversy are concerned, the case thus stands before us as though no brief had been filed by the defendants.

This court has frequently held that where the plaintiff in error has prepared and presented a brief in compliance with the rules of the court, citing authorities which appear reasonably to sustain the assignments of error upon which he relies, and the defendant in error has failed to present a brief in opposition thereto, this court may, in the exercise of its discretion, sustain the contention of the plaintiff in error and reverse the cause, since we are not obliged to search the record in quest of some theory upon which the judgment and action of the trial tribunal could be sustained. Beam et al. v. State ex rel. County Attorney, 171 Okla. 185, 42 P. 2d 253. Since the position taken by the state in this case is reasonably supported by the authorities cited, our decision upon the questions of substantive law here presented will be one of reversal insofar as that portion of the order imposing a condition upon the relief granted is concerned. In so holding we deem it appropriate, however, to supplement the above discussion in order that the scope of our decision may not be misapprehended.

The state does not take the position, and we do not hold, that a court of equitable cognizance cannot in any case impose conditions upon the granting of relief if and when special conditions are appropriate and accomplish the ends of justice. 19 Am. Jur. 51, par. 22; Halliburton et al. v. Illinois Life Ins. Co. et al., 170 Okla. 360, 40 P. 2d 1086.

It is also to be noted in connection with this case that mandatory injunctive relief is granted in an order granting a temporary injunction. While neither of the parties to this appeal discuss nor present the question, we deem it appropriate to observe that ordinarily and generally such relief should not be granted prior to the final hearing of the controversy, since, generally speaking, the purpose of a temporary injunction is to preserve the situation of the parties in status quo until a final determination of the controversy. However, this rule is not without its excep-

tions and limitations and it is proper to grant relief of a mandatory character in a temporary injunction when the need is urgent and the right is clear. See 21 Am. Jur. p. 214, Injunctions, par. 21, and authorities cited in the note in support of the text. See, also, annotation in 32 A.L.R. 899. It is apparent the trial court in this case held and determined that in this controversy the need was urgent and the right was clear. There being no authorities to the contrary cited upon the point, and no argument advanced indicating error of the trial court in so holding, the decision in that particular will not be disturbed on this appeal.

The defendants in error in opposition to the appeal urge that it involves a character of order which, if appealable at all, is covered by the provisions of section 555, O. S. 1931, 12 Okla. St. Ann. § 983, enumerating certain orders from which an appeal, if taken, must be filed within 30 days.

The order here complained of is not one of the orders enumerated in the statute last above mentioned, but, on the contrary, is an order granting a temporary injunction which is appealable under the second subdivision of section 528, O. S. 1931, 12 Okla. St. Ann. § 952, and is not subject to the limitation upon time for perfecting appeal imposed upon orders appealable under section 555, supra. Caldwell v. Traub et al., 172 Okla. 12, 43 P. 2d 1047.

The statute, section 528, supra, was adopted from Kansas, the Supreme Court of which state, in Andrews v. Love et al. (Kan.) 26 P. 746, held that under it an order granting a temporary injunction was an appealable order.

We adopted the Kansas rule in Pioneer Telephone & Telegraph Co. v. City of Bartlesville, 27 Okla. 214, 111 P. 207, and have adhered to the same since that time. MacThwaite Oil & Gas Co. v. Bolen, 77 Okla. 155, 187 P. 221; Burnett v. Sapulpa Refining Co., 59 Okla. 276, 159 P. 360. We decline to depart from the rule thus established and it follows that the efforts of the defend-

ants to procure a dismissal of this appeal are without substantial merit.

In accordance with the views heretofore expressed, that portion of the judgment of the trial court imposing a condition upon the relief granted by requiring the state to pay a portion of the cost for removing the buildings is disapproved. However, the temporary injunction, independent of the conditional features, is approved. The trial court is therefore directed to vacate the order and substitute in lieu thereof an order free from the objectionable conditions and otherwise proceed in a manner not inconsistent with the views herein expressed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN and DANNER, JJ., concur.