Linda HINES, a Minor by her Father, Next Friend and Natural Guardian, Oscar Lee Hines, and Dependent School District No. 21, Grant County, Oklahoma, Plaintiffs in Error,

v.

INDEPENDENT SCHOOL DISTRICT NO. 50, GRANT COUNTY, Oklahoma, Defendant in Error.

No. 40003.

Supreme Court of Oklahoma.

April 16, 1963.

Drennan & Drennan, Medford, for plaintiffs in error.

John L. Pollard, Medford, for defendant in error.

DAVISON, Justice.

This is an appeal by Linda Hines, a minor, and Dependent School District No. 21, Grant County, Oklahoma (plaintiffs below) from an order and judgment sustaining the demurrer of Independent School District No. 50, Grant County, Oklahoma (defendant below) to plaintiffs' amended petition. The parties will be referred to by name or as they appeared in the lower court. Plaintiffs' action sought equitable relief in the nature of a mandatory injunction to approve Linda's application to transfer from her Oklahoma school district (plaintiff School District No. 21) to School District No. 20, Caldwell, Kansas, in order that she could attend high school in Caldwell, Kansas.

The lower court sustained the demurrer to the amended petition on the ground that it did not state a cause of action. The petition of plaintiffs and the judgment of the trial court are founded upon the provisions of 70 O.S.1961 §§ 8–1, 8–2, and 8–3.

Plaintiffs' amended petition alleged that Linda was 15 years of age and lived with her parents in plaintiff School District No. 21, Grant County, and that during the school term 1961–1962 Linda would be a sophomore (grade 10) in high school, which grade was not offered by said District No. 21; that her residence was within the high school transportation area served by the defendant, with the high school located at Deer Creek, Oklahoma, but that her residence was 2 miles (by all-weather road) from Caldwell, Kansas, and 23 miles from Deer Creek in dry weather and 30 miles from Deer Creek in wet weather by all-weather road, and that the topography was such that her best interests could not be served by attending high school in Deer Creek. It was further alleged that the mailing address of Linda and her family was R.F.D., Caldwell, Kansas, and that their telephone service, town activities, trading, church attendance and home-town connections were with and centered around Caldwell, Kansas, and was where Linda was active in Rainbow; that Linda had attended Caldwell High School for a prior year of high school work, and had planned her curriculum for continued attendance, where she participates in school activities and where all her friends attend; that if required to attend school in Deer Creek she would be required to ride a bus and miss after-school activities and lose valuable studying time, and that she suffers from bus riding sickness, and that in wet weather the Deer Creek buses often do not run.

The amended petition further alleged that plaintiff District No. 21 had approved Linda's application for transfer to Caldwell School District No. 20; that defendant had not granted a hearing on notice, had refused to approve the transfer because of a policy of defendant not to approve any out of state transfers, and had returned the application with the explanation that no out of state transfers could be granted by defendant; that the State Board of Education, after reviewing the application, had returned the same for completion and approval by

defendant; and that the plaintiff School District No. 21, is a self-supporting school district, receives no funds from the State of Oklahoma, and is ready, willing and able to pay the transfer fees of Linda. It was further alleged that the defendant unreasonably, arbitrarily, unlawfully and capriciously refused and failed to consider the best interests of Linda, as required by law; that because of the attitude, bias and prejudice of the board of the defendant, it would be fruitless to remand the matter to defendant for hearing; and that Linda has exhausted all her administrative remedies, has no adequate remedy at law, and will be irreparably damaged unless the court exercises its equitable powers and finds it is to the best interests of Linda to grant her transfer to Caldwell, Kansas, School District No. 20.

There are further allegations that 70 O.S. 1961 § 8–1 et seq., are, as to Linda and her application for out of state transfer, discriminatory and unconstitutional. Our conclusion makes it unnecessary to consider the sufficiency of such allegations.

Under 70 O.S.1961 § 8–1, it is provided in part that a child, residing in a school district maintaining a school within the district, that does not offer the grade the child is entitled to pursue, is entitled to be transferred to a district which offers such grade, and for payment by the residence district to the transfer district of the amount of the per capita cost of the latter district.

The next Section 8–2, provides in part for applications for transfers within the state to be filed with the County Superintendent of Schools and for applications for transfers to school districts in another state to be filed with the State Board of Education. As to those applications filed with and determined by the Superintendent there is provision for appeal to the district court, but there is no such provision relative to applications filed with the State Board of Education.

In Section 8–3, it is provided inter alia, that the County Superintendent shall grant transfers if the residence district does not offer the required grade, or if the topography of the residence district or health of the child is such that the best interests of the child cannot be served by attendance in the child's residence district, or if the school board of the residence district determines the child's best interest will be served by such transfer, and that:

" * * * Provided a child may be transferred by the State Board of Education to a school district in another state, if the board of education of the school district in which the child resides and the board of education of the high school district in whose transportation area the child resides determines that, the best interests of the child will be best served by such transfer. No transfer shall be granted for any reason not hereinbefore specified. No child shall be transferred under the provisions of this Article to a school district other than the one designated in the application for his transfer."

▪ Under the provisions of the above quoted statute the approval or lack of approval of the transfer by the board of education of the defendant was required to be based upon a determination of how the best interests of the child will be best served. The allegations of the amended petition negates any such determination but state the action of the defendant was based on a policy of denying any out of state transfers. Such alleged action was not in accordance with the statute.

▪ Furthermore, we are of the opinion that the allegations are sufficient to state that the transfer to the Caldwell High School will best serve the best interests of Linda. We base this conclusion mainly upon the great difference between the distances she would have to travel in attending the respective high schools and the consequential loss of time, inconvenience and uncertainty of regular attendance connected with attending the Deer Creek High School and the alleged fact that she is subject to bus sickness. The fact that her residence school district has approved the trans-

fer to Caldwell and the other alleged facts also support the conclusion that her best interests would be served by such transfer.

In Moore v. Porterfield, 113 Okl. 234, 241 P. 346, we stated:

"As a general rule, where public officials are intrusted with discretionary power in certain matters, an exercise of such discretion will not be controlled by injunction, but injunction may be issued in a case of a gross abuse of discretion, where it appears that such action was exercised on grounds or for reasons clearly untenable, or to an extent clearly unreasonable. * * *"

See also Joachim v. Board of Education of Walters, 207 Okl. 248, 249 P.2d 129.

We believe the allegations of the amended petition state facts rendering the refusal to approve the transfer clearly untenable and unreasonable and a manifest abuse of discretion.

Defendant argues in support of the trial court's action that the amended petition does not allege facts sufficient to support the conclusion that Linda will be irreparably damaged. This tenders the question of what damages would arise by reason of the wrongful denial of the application for transfer. We do not know of any rule or measure of damages by which the detriment or loss to Linda's best interests in securing an education may be measured. The detriment would be intangible and conjectural. In Baker v. Lloyd, 198 Okl. 512, 179 P.2d 913, 915, 171 A.L.R. 217, this court held that injury or detriment is irreparable when it is incapable of being fully compensated for in damages or where the measure of damages is so speculative that it would be difficult if not impossible to correctly arrive at the amount of the damages. See also 43 C.J.S. Injunctions § 23, p. 447.

Defendant also urges as grounds for sustaining the demurrer that there is a defect of parties defendant in that the State Board of Education was not made a defendant. The defendant cites no authority as to the necessity of making that Board a defendant. The answer to this contention is that the amended petition reflects that such Board returned the application only for the purpose of completion and approval by the defendant as required by the statute, supra. The purpose of this action is to comply with such requirement to secure approval of the application. The proceedings had not progressed to the point which would require the State Board of Education to be made a necessary party.

The judgment of the lower court is reversed and the matter is remanded for further proceedings consistent with the views herein expressed.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.