**DAWN DONUT COMPANY, Inc.,**
Opposer-Appellant,

v.

**William T. DAY, d/b/a Daylight Donut Flour Company, Applicant-Appellee.**

**No. 71–1140.**

United States Court of Appeals,
Tenth Circuit.

Oct. 13, 1971.

Duncan F. Beaman, Jackson, Miss. (William S. Dorman, Tulsa, Okl. with him on the brief), for appellant.

Paul H. Johnson, Tulsa, Okl. (Head & Johnson, Tulsa, Okl. on the brief), for appellee.

Before BREITENSTEIN, HILL and BARRETT, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellee Day sought to register trademarks and appellant Dawn Donut Company opposed the applications. The Trademark Trial and Appeal Board found no likelihood of confusion and dismissed the oppositions. The opposer appealed to the United States Court of Customs and Patent Appeals. The applicant elected to have all further proceedings in the United States District Court. See 15 U.S.C. § 1071(a) and (b), and 28 U.S.C. § 1338. The district court affirmed the Board.

The parties make doughnut flour and franchise bakeries to sell doughnuts. They operate in a number of states, in some of which they are competitors. The opposer, which has been in business since 1922, uses the registered trademarks "DAWN DONUT" and "DAWN." The applicant has been in business since 1952 and uses "DAYLIGHT" and "DAYLIGHT DONUTS" in association with the representation of a rooster and the phrase "Something to Crow About" as trademarks. The trademarks of each are used in connection with flour packaging and on bags and containers furnished to franchise holders.

■ Because there is no evidence of actual confusion, we are concerned only with likelihood of confusion. Pertinent criteria are similarity in meaning, appearance, and sound. Standard Oil Company v. Standard Oil Company, 10 Cir., 252 F.2d 65, 72. Opposer argues that the marks are synonymous. "Dawn" is said to convey the concept of early-morning-baking, and "Daylight" allegedly conveys the same. Reliance is had on various editions of thesauri and dictionaries to show that the two words are interchangeable with "early morning hours." Applicant counters with dictionary definitions showing that the two words have different meanings and usages. Without going into the multiplicity of definitions and comparisons, we believe that the words are not synonymous. "Dawn" connotes the first appearance of light at morning. "Day-

light" includes all of the period when the sun is shining on a particular area of the earth. Although "Dawn" may suggest freshness, "Daylight" does not.

■ Opposer says that the use of the crowing rooster design on one of the marks enhances the similarity in meaning because roosters crow at dawn. They also crow at other times of the day. The design is related to the appearance of the mark, not to the meaning of "Daylight." With regard to appearance, both marks begin with "D" and use the word "Donuts." This resemblance is not impressive. So far as sound is concerned, the distinctness of the two words is apparent. We find no similarity in meaning, appearance, or sound.

The opposer argues that a side-by-side comparison is not enough and that every likelihood of confusion must be considered. See Frito-Lay, Inc. v. Morton Foods, Inc., 10 Cir., 316 F.2d 298, 301. In this regard it asserts that doughnut purchasers are casual "impulse" buyers and implies that they may be easily misled.

■ The test is whether the marks are sufficiently similar to deceive an ordinarily prudent buyer—not a careless buyer who makes no examination. Ph. Schneider Brewing Co. v. Century Distilling Co., 10 Cir., 107 F.2d 699, 704. In applying this test we have held that there is no confusing similarity between "Meadow Sweet" and "Meadow Gold," Beatrice Food Co. v. Neosho Valley Cooperative Creamery Association, 10 Cir., 297 F.2d 447, or between "Mother's Best" and "Mother's Pride," Nebraska Consol. Mills Co. v. Shawnee Milling Co., 10 Cir., 198 F.2d 36. The similarity is no greater in the case at bar.

In our opinion a visual examination of the marks by a reasonably careful person would distinguish the products of the contending parties. We agree with the Trademark Trial and Appeal Board and with the district court that there is no likelihood of confusion, mistake, or deception.

Affirmed.