Joseph N. BELL, a sole proprietor, d/b/a
Black Gold Antiques, Appellee,

v.

Robert DAVIDSON, a sole proprietor,
d/b/a Black Gold Gifts, Inc. and,

Bonnie Davidson, a sole proprietor, d/b/a
Black Gifts, Inc. and,

Bonnie Davidson and Robert Davidson
d/b/a Black Gold Gifts, Inc. and

Black Gold Gifts, Inc., an Oklahoma
Corporation, Appellants.

No. 50155.

Supreme Court of Oklahoma.

May 8, 1979.

William R. Laney, Laney, Dougherty & Hessin, Oklahoma City, for appellee.

Cox & Ramsey, Oklahoma City, for appellants.

DOOLIN, Justice:

In February of 1973, plaintiff, owner of Oklahoma registered trademark BLACK-GOLD, opened a business in Oklahoma City under the name BLACK GOLD ANTIQUES. About a year later defendants commenced doing business in Oklahoma City under the name BLACK GOLD GIFTS, INC. Both businesses display a symbol of a gushing oil well and derrick.[1]

Thereafter plaintiff filed the present action alleging violation of its trademark and deceptive trade practices. He asked for an injunction to prohibit the use of BLACK GOLD and the gushing well by defendants. After hearing, the trial court permanently enjoined defendants from using, as a business name trademark or service mark, BLACK GOLD, either standing alone or in combination with any other word or words, and from using the representation of a gushing well and derrick, in the State of Oklahoma. It further awarded plaintiff costs and attorneys' fees in the amount of $8,100.00 pursuant to § 54(b) of the Oklahoma Deceptive Trade Practices Act, 78 O.S. 1971 § 51, et seq.

Defendants appeal both the injunction and the award of attorneys' fees. They submit the words, BLACK GOLD, are owned by the public at large and cannot be exclusively appropriated. They argue trial court further erred in finding the names and businesses were so similar that the public would be deceived.

█ It is a deceptive trade practice to misappropriate the trade name of another.[2] However both at common law and by statute some words may not be exclusively appro-

---

1. At one time plaintiff reserved the name Black Gold Gifts and Antiques but reservation lapsed as plaintiff failed to incorporate. Later defendants incorporated under Black Gold Gifts, Inc.

2. *F.T.C. v. Colgate-Palmolive Co.*, 380 U.S. 374, 85 S.Ct. 1035, 13 L.Ed.2d 904 (1965).

priated. Only the unique is always protected, where it is fanciful or arbitrary. A generic name or one descriptive of the goods or business may not be protected by trademark except where it has acquired a secondary meaning through long and exclusive usage by one business with reference to its goods. Then to the purchasing public the word has come to mean the article is his product.[3] This protects the good will of a trade built up through owner's efforts.

A trademark is considered strong if it is conspicuously distinctive. If not distinctive, but rather a common word or words, it is a weak trademark and its protection is narrower. Because such a mark is not exclusively protected, the test of its infringement is whether a likelihood of confusion exists between the protected mark and its copy. An example is found in the federal decision of *Westward Coach Manufacturing Co. v. Ford Motor Co., 388 F.2d 627 (7th Cir. 1968)*. In that case the plaintiff filed a trademark infringement action against Ford Motor Company's use of the word MUSTANG on a new automobile. Plaintiff was the owner and user of a registered trademark MUSTANG along with representation of a charging horse on its campers and trailers.

The federal court said, because the name was not coined by plaintiff, and was not unique or novel but rather a common noun, it was a weak trademark. Therefore it was not extended protection beyond the narrow limits of its secondary meaning in the trailer industry. It held where campers and trailers were not in competition with automobiles, there was no likelihood of confusion created. Trademark infringement was merely an aspect of unfair competition. Accordingly because there was no likelihood the two products would be confused, no unfair competition existed. Based on lack of any deceptive trade practice it denied the injunction.

Courts must be careful to protect legitimate rights of the original user and at the same time give freedom to a secondary user. But if ordinary words are used to palm off goods of one manufacturer, dealer or vendor as those of another, and to carry on unfair competition, their use may be enjoined by a court of equity to the same extent as a fully protected distinctive term or symbol. See *Coalgate Abstract Co. v. Coal County Abstract Co., 180 Okl. 8, 67 P.2d 37 (1937)*.

BLACK GOLD is neither unique and distinctive thus entitled to strict protection, nor merely descriptive of the product sold and thus entitled to none. Defendants must be in competition with plaintiff; then if a likelihood of confusion is shown to exist, the use of plaintiff's trademark may be enjoined.[4]

The *test* in determining whether there is likelihood of confusion between two opposing marks is whether they are sufficiently similar to deceive an ordinary prudent buyer.[5] This is a question of fact and trial court's finding must be upheld unless against clear weight of evidence.

A businessman has sufficient interest in its trademark to restrain another from exploiting it in the sale of his products although the two may not be engaged in selling *identical* products.[6] Although plaintiff owns an antique store and defendant sells gifts, there are a multitude of goods that meet both descriptions. Defendants, while not actually selling antiques, do sell reproductions. Confusion may be shown by

3. *Educational Development Corporation v. Economy Company*, 562 F.2d 26 (10th Cir. 1977).

4. Of course if damages are sought, actual confusion rather than likelihood of confusion is the test. See *Prudential Insurance Company of America v. Prudential Life and Casualty Insurance Company*, 377 P.2d 556 (Okl.1963).

5. *Coalgate Abstract Co. v. Coal County Abstract Co.*, 180 Okl. 8, 67 P.2d 37 (1937). *Dawn Donut Company v. Day*, 450 F.2d 332 (10th Cir. 1971).

6. *Prudential Insurance Company of America v. Prudential Life and Casualty Insurance Company*, supra, n. 3 citing *Indian Territory Oil & Gas Co. v. Indian Territory Illuminating Oil Co.*, 95 F.2d 711 (10th Cir. 1938).

customers going into defendants' store to make a purchase because they thought store was operated by plaintiff.[7] Plaintiff offered testimony of several potential customers who had been misled into visiting defendants' store on the erroneous assumption it was BLACK GOLD ANTIQUES. Representatives of business firms testified as to confusion between the two stores. Results of a random survey indicated confusion.

The name BLACK GOLD coupled with the derrick and gushing oil well on both defendants' and plaintiff's merchandise and storefront could be confusing. Competition exists between the two businesses as the merchandise is similar. Trial court's judgment enjoining defendants' use of the name and trademark is not against clear weight of evidence.

Defendants also argue trial court was incorrect in awarding attorneys' fees to plaintiff. Under § 54(b) of the Oklahoma Deceptive Trade Practices Act:

" . . . the court may, in its discretion, award reasonable attorneys' fees to the prevailing party. If in any such action the court finds either (1) that the defendant has willfully engaged in a deceptive trade practice or (2) that the plaintiff has acted in bad faith in instituting the action, the court shall award reasonable attorneys' fees to the prevailing party."

Pursuant to these provisions, plaintiff was awarded attorneys' fees in amount of $8,100.00. Such award was based upon court's finding and conclusion that defendant had willfully engaged in deceptive trade practices. Even if defendant did not "willfully" engage in deceptive trade practices the court in its discretion is authorized by the statute to award attorney fees to prevailing party.[8] We find no abuse of discretion.

AFFIRMED.

All the Justices concur.

7. *Jewel Companies, Inc. v. Weshall Co.*, 413 F.Supp. 994 (N.D.Ohio 1976).

8. *Paddington Corporation v. Major Brands, Inc.*, 359 F.Supp. 1244, 1251 (W.D.Okl.1973).