OWENS v. ZUMWALT
2022 OK 14
503 P.3 1211
Case Number: 119786
Decided: 02/08/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 14, 503 P.3 1211

 
 

RONDA K. OWENS, DARRYL HUBBARD, SELENA FREYMILLER, SHANIKA CROWLEY, VALERIE KILLMAN, MICHAEL LEE PITTS, EBONY WARRIOR, JOHN BALL, MICHELLE BULLOCK, LOGAN BELLEW, SONDIA BELL, TUMEEKA BAKER, and JAY REID, Plaintiffs/Appellees,
v.
SHELLEY ZUMWALT, in her official capacity as Executive Director of the Oklahoma Employment Security Commission, Defendant/Appellant.

ON APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTY,
STATE OF OKLAHOMA
HONORABLE ANTHONY L. BONNER, JR., DISTRICT JUDGE

¶0 Plaintiffs/Appellees Ronda K. Owens, Darryl Hubbard, Selena Freymiller, Shanika Crowley, Valerie Killman, Michael Lee Pitts, Ebony Warrior, John Ball, Michelle Bullock, Logan Bellew, Sondia Bell, Tumeeka Baker, and Jay Reid (collectively "Citizens") filed the underlying lawsuit seeking declaratory and injunctive relief. Citizens claim that Governor J. Kevin Stitt and Defendant/Appellant Shelley Zumwalt, in her official capacity as Executive Director of the Oklahoma Employment Security Commission, acted without authority and violated 40 O.S.2011 § 4-31340 O.S. § 4-313

STAY LIFTED;
PRELIMINARY INJUNCTION VACATED;
CAUSE REMANDED WITH INSTRUCTIONS
TO DISMISS WITH PREJUDICE.

Chadwick Smith, Palm Desert, California, and Brendan M. McHugh and Dana Jim, Claremore, Oklahoma, for Appellees.

Mithun Mansinghani, Zach West, and Andy N. Ferguson, Office of Attorney General, State of Oklahoma, for Appellant.

KANE, V.C.J.:

¶1 This is an interlocutory appeal from a preliminary injunction ordering Defendant/Appellant Shelley Zumwalt, in her official capacity as Executive Director of the Oklahoma Employment Security Commission, to immediately reinstate and administer federal COVID-related unemployment programs. We hold 40 O.S.2011 § 4-313

FACTS AND PROCEDURAL HISTORY

¶2 On March 15, 2020, Governor J. Kevin Stitt signed Executive Order No. 2020-07, declaring the COVID-19 pandemic to be a statewide emergency under the provisions of the Oklahoma Emergency Management Act, 63 O.S.Supp.2013 §§ 683.1

Pandemic Unemployment Assistance (PUA), 15 U.S.C.A. § 9021, which provided benefits to persons who were not eligible for regular unemployment and whose unemployment or inability to work was caused by COVID-19.

Pandemic Emergency Unemployment Compensation (PEUC), 15 U.S.C.A. § 9025, which added additional weeks of benefits for persons who had exhausted regular unemployment benefits.

Federal Pandemic Unemployment Compensation (FPUC), 15 U.S.C.A. § 9023, which provided additional unemployment benefits in the amount of $600 per week from March 27, 2020 through July 31, 2020 and $300 per week through September 6, 2021.

Soon after passage of the CARES Act, the Executive Director of the Oklahoma Employment Security Commission (OESC) signed agreements with the U.S. Department of Labor (DOL) to administer the new COVID-related unemployment programs. Governor Stitt delegated authority for the execution of the agreements to the Executive Director of OESC. The Continued Assistance to Unemployed Workers Act added the Mixed Earner Unemployment Compensation (MEUC) program, 15 U.S.C. § 9023(b)(1)(C). Governor Stitt also signed a delegation of authority for the execution of an agreement with the DOL to administer the MEUC program to the Executive Director of OESC.

¶3 Thereafter, on May 3, 2021, the Governor withdrew the COVID-19 emergency declaration. See Executive Order No. 2021-11. The COVID-related unemployment programs were set to expire on September 6, 2021. However, on May 14, 2021, Governor Stitt signed another delegation of authority to OESC Executive Director Shelley Zumwalt for purposes of terminating Oklahoma's agreements with the DOL to administer the COVID-related unemployment programs. On May 17, 2021, Governor Stitt signed Executive Order No. 2021-15, which indicated, as of June 27, 2021, Oklahoma would no longer provide COVID-related unemployment benefits and, instead, would provide a one-time $1,200 incentive to assist those returning to the workforce. The same day, Zumwalt provided written notice to the DOL that OESC was terminating the agreements. On June 19, 2021, OESC mailed written notices that the COVID-related unemployment benefits would end on June 26, 2021, and they did.

¶4 Plaintiff/Appellee Ronda K. Owens filed a Petition for Declaratory Judgment and Injunctive Relief against Zumwalt on July 7, 2021. The Petition was amended on July 20, 2021 to add Plaintiff/Appellee Darryl Hubbard and additional Plaintiffs/Appellees who lost benefits when the COVID-related unemployment programs ended (collectively, "Citizens"). Citizens alleged that Governor Stitt and Zumwalt acted without authority and violated 40 O.S. § 4-313

¶5 On August 17, 2021, this Court granted Zumwalt's emergency motion to stay the trial court's order and retained the appeal. As a result, the COVID-related unemployment programs were not reinstated during the pendency of the appeal.

STANDARD OF REVIEW

¶6 This Court reviews the granting of a preliminary injunction for an abuse of discretion. Brown v. Okla. Secondary Sch. Activities Ass'n, 2005 OK 88125 P.3d 1219See Sharp v. 251st St. Landfill, Inc., 1996 OK 109925 P.2d 546de novo.

ANALYSIS

¶7 Oklahoma's participation in the COVID-related unemployment programs ended ten days before Citizens filed this lawsuit seeking declaratory and injunctive relief. A preliminary injunction preserves the status quo until there can be a final determination of the controversy. See State ex rel. State Highway Comm'n v. Gillam, 1940 OK 390105 P.2d 773Dusbabek v. Local Bldg. & Loan Ass'n, 1936 OK 76963 P.2d 756See Peck v. State ex rel. Dep't of Highways, 1960 OK 89350 P.2d 948

¶8 To obtain a preliminary injunction, the plaintiffs must show that four factors weigh in their favor: (1) the likelihood of success on the merits; (2) irreparable harm to the parties seeking injunctive relief if the injunction is denied; (3) their threatened injuries outweigh the injury the opposing party will suffer under the injunction; and (4) the injunction is in the public interest. See Dowell v. Pletcher, 2013 OK 50304 P.3d 457See Thompson v. North, 1942 OK 346129 P.2d 1011Id. Even if the right is clear, a mandatory injunction will be issued only in a "case of extreme necessity, where the right invaded is material and substantial, and where other adequate redress is not afforded." Peck, 1960 OK 89See Gillam, 1940 OK 390Id.

¶9 Zumwalt argues that Citizens have not established a likelihood of succeeding on the merits, because 40 O.S. § 4-313

¶10 Citizens seek a declaratory judgment that Zumwalt's early withdrawal from the COVID-related unemployment programs violated 40 O.S. § 4-313

In the administration of this act the Oklahoma Employment Security Commission shall cooperate to the fullest extent consistent with the provisions of this act, with the Social Security Act, as amended, and is authorized and directed to take such action, through the adoption of appropriate rules, administrative methods and standards, as may be necessary to secure to this state and its citizens all advantages available under the provisions of such act, under the provisions of Sections 1602 and 1603 of the Federal Unemployment Tax Act and under the provisions of the Act of Congress entitled "An Act to provide for the establishment of a national employment system and for cooperation with States in the promotion of such system, and for other purposes", approved June 6, 1933, as amended. The Commission shall comply with the regulations of the Secretary of Labor relating to the receipt or expenditure by this state of monies granted under any of such acts and shall make such reports, in such form and containing such information as the Secretary of Labor may from time to time require, and shall comply with such provisions as the Secretary of Labor may from time to time find necessary to assure the correctness and verification of such reports.

The Commission may afford reasonable cooperation with every agency of the United States charged with the administration of any unemployment insurance law.

40 O.S.2011 § 4-313See Holbert v. Echeverria, 1987 OK 99744 P.2d 960

¶11 Nothing in 40 O.S. § 4-313See 40 O.S.Supp.2019 §§ 2-601

¶12 Citizens argue that this administrative remedy and judicial review process provides a private right of action.

¶13 We are not persuaded by Citizens' argument. Implying a private right of action would undermine the administrative scheme. Plaintiff Hubbard's administrative appeal and the underlying lawsuit are completely separate proceedings. The petition filed in this case was not one seeking judicial review of the Board of Review's decision denying COVID-related unemployment benefits. See 40 O.S.2011 § 2-610

¶14 Finally, Citizens' reliance on Hunsucker v. Fallin, 2017 OK 100408 P.3d 599Hunsucker does not support a private right of action under 40 O.S. § 4-313Hunsucker is about standing. Without a cause of action, there is no issue of standing.

¶15 Because we find Citizens do not have a private right of action, we need not address the merits of whether Governor Stitt and Zumwalt acted without authority or violated 40 O.S. § 4-313

CONCLUSION

¶16 We hold there is no private right of action for Citizens to enforce 40 O.S. § 4-313

STAY LIFTED;
PRELIMINARY INJUNCTION VACATED;
CAUSE REMANDED WITH INSTRUCTIONS
TO DISMISS WITH PREJUDICE.

CONCUR: Darby, C.J., Kane, V.C.J., Winchester, Gurich, Rowe, and Kuehn, JJ.

CONCUR IN RESULT: Kauger, Edmondson, and Combs (by separate writing), JJ.

FOOTNOTES

75 O.S. § 306See 75 O.S.2011 § 30675 O.S. § 30640 O.S.2011 § 4-313

 

 

Combs, J., with whom Kauger, J., joins, concurring in result:

¶1 I concur in the result of the majority opinion finding that the trial court abused its discretion by entering a mandatory preliminary injunction. It is my opinion that the Plaintiffs/Appellees' Petition for Declaratory Judgment and Injunctive Relief filed on July 7, 2021, was moot because the uncontroverted evidence reveals the benefits in question ended on June 26, 2021. The status quo at the time the petition was filed was that the unemployment programs at issue here were not being administered in Oklahoma. I would therefore concur in the result of the majority opinion.