OSCN Found Document:GET BAK'D OKC v. RELEAF LABS

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 GET BAK'D OKC v. RELEAF LABS
2023 OK CIV APP 45
Case Number: 119859
Decided: 10/26/2023
Mandate Issued: 12/06/2023
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV

Cite as: 2023 OK CIV APP 45, __ P.3d __

 
GET BAK'D OKC, LLC, an Oklahoma limited liability company, Plaintiff/Appellant,
v.
RELEAF LABS, LLC, an Oklahoma limited liability company and MICHAEL GIROCCO, an individual, Defendants/Appellees.
APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA
HONORABLE CINDY H. TRUONG, TRIAL JUDGE
AFFIRMED
Jon E. Brightmire, DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P., Tulsa, Oklahoma 
and
D. Ward Hobson, Elizabeth V. Salomone, DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P., Oklahoma City, Oklahoma, for Plaintiff/Appellant
J. Blake Johnson, Justin R. Williams, OVERMAN LEGAL GROUP, PLLC, Oklahoma City, Oklahoma, for Defendants/Appellees
JOHN F. FISCHER, JUDGE:
¶1 Get Bak'd OKC, LLC, appeals the denial of its motion for a preliminary injunction in this trademark infringement and deceptive trade practices action that it brought against Releaf Labs, LLC, and one of Releaf's owners, Michael Girocco. See 12 O.S.2021 § 952(b)(2), and Okla. Sup. Ct. R. 1.60(c), 12 O.S.2021, ch. 15, app. 1 (regarding Interlocutory Orders Appealable by Right). Because Get Bak'd failed to establish all the elements necessary for the issuance of a preliminary injunction, we affirm.
BACKGROUND[1]
¶2 Get Bak'd operates a medical marijuana dispensary through which it sells Thunder Stixx, a product it describes as a medical marijuana pre-roll infused with cannabis concentrate and kief. Get Bak'd began using the name Thunder Stixx with the sale of this product to the public as early as December 2018 and registered the name as a trademark with the State of Oklahoma on May 28, 2019.
¶3 Releaf Labs is a medical marijuana processor which processes and distributes a multitude of concentrated cannabis products using the brand name ALTRD. Releaf Labs sells its pre-rolled, marijuana cigarettes for sale to medical marijuana dispensaries using this brand name and the product name ALTRD Thundersticks.
[2] Both Get Bak'd and Releaf Labs operate pursuant to the appropriate Oklahoma license.
¶4 Get Bak'd filed this action on June 18, 2021, against Releaf Labs and Girocco after it learned that Releaf Labs was selling its medical marijuana pre-rolled, cannabis-infused product using the name Thundersticks. Get Bak'd filed a motion for a preliminary injunction with its petition. Attached to the motion is the affidavit of Marion King, Chief Marketing and Technology Officer for Get Bak'd. The affidavit and attached exhibits establish Get Bak'd's trademark and use of the Thunder Stixx name. Also attached to the affidavit are documents purporting to be positive consumer reviews of Get Bak'd's Thunder Stixx product. Releaf Labs filed a response and the matter was set for hearing. At the hearing, no witnesses were called. The district court heard the arguments of counsel and found that Get Bak'd failed to establish the need for a preliminary injunction. Get Bak'd appeals the order denying its motion for a preliminary injunction.
STANDARD OF REVIEW
¶5 An appellate court reviews the district court's decision regarding the issuance of an injunction for an abuse of discretion. Brown v. Oklahoma Secondary Sch. Activities Ass'n, 2005 OK 88, ¶ 11, 125 P.3d 1219, 1225. "Granting or denying injunctive relief is generally within the sound discretion of the trial court and a judgment issuing or refusing to issue an injunction will not be disturbed on appeal unless the lower court has abused its discretion or the decision is clearly against the weight of the evidence." Sharp v. 251st St. Landfill, Inc., 1996 OK 109, ¶ 4, 925 P.2d 546, 549. "An abuse of discretion occurs when a decision is clearly against the weight of the evidence, contrary to law, or contrary to established principles of equity." Id.
¶6 "We apply the appellate standard of review to what petitioners were required to show in the trial court in the context of the asserted errors on appeal by petitioners." Western Heights Indep. Sch. Dist. v. State, 2022 OK 79, ¶ 25, 518 P.3d 531, 542.
ANALYSIS
I. Burden of Proof
¶7 Get Bak'd's burden of proof to secure a preliminary injunction is well settled.
To obtain a preliminary injunction, the plaintiffs must show that four factors weigh in their favor: (1) the likelihood of success on the merits; (2) irreparable harm to the parties seeking injunctive relief if the injunction is denied; (3) their threatened injuries outweigh the injury the opposing party will suffer under the injunction; and (4) the injunction is in the public interest.
Owens v. Zumwalt, 2022 OK 14, ¶ 8, 503 P.3d 1211, 1214. Although "'the burden of proof is less stringent than required in proceedings on the merits,' a right to this equitable remedy 'must be established by clear and convincing evidence and the nature of the injury must not be nominal, theoretical or speculative.'" Western Heights, 2022 OK 79, ¶ 25, 518 P.3d at 542 (footnotes omitted) (quoting Bowlin v. Alley, 1989 OK 66, ¶ 15, 773 P.2d 365, 370 and Revolution Res., LLC, v. Annecy, LLC, 2020 OK 97, ¶ 12, 477 P.3d 1133, 1141).
¶8 At the hearing on Get Bak'd's motion, the district court focused on the irreparable harm requirement. Relying on federal case law, Get Bak'd argued, as it did in its motion and supporting brief, that irreparable harm was presumed where an infringement of the plaintiff's trademark was established. For purposes of this Opinion, we assume, without deciding, that Get Bak'd established it was likely to succeed on the merits of its claim that Releaf Labs' use of the Thundersticks tradename infringed on Get Bak'd's registered trademark, Thunder Stixx. However, because Get Bak'd failed to establish the irreparable harm element necessary for the issuance of a preliminary injunction, we affirm the district court's denial of Get Bak'd's motion. "[A]ll four factors must be proven by clear and convincing evidence in order to obtain a temporary injunction . . . ." Revolution Res., LLC v. Annecy, LLC, 2020 OK 97, ¶ 14, 477 P.3d 1133, 1141 (affirming the denial of a preliminary injunction where the district court found the movant failed to show irreparable harm).
II. Irreparable Harm
¶9 "Injury is irreparable when it is incapable of being fully compensated for in damages or where the measure of damages is so speculative that it would be difficult if not impossible to correctly arrive at the amount of the damages." Edwards v. Bd. of Cnty. Comm'rs of Canadian Cnty., 2015 OK 58, ¶ 29, 378 P.3d 54, 63 (citing Hines v. Indep. Sch. Dist. No. 50, Grant Cnty., 1963 OK 85, ¶ 14, 380 P.2d 943, 946). The movant must establish irreparable harm to be granted an injunction pursuant to 12 O.S.2021 § 1382. In re Estate of Foresee, 2020 OK 88, ¶ 10, 475 P.3d 862, 865.
¶10 Get Bak'd contends that it satisfied the irreparable harm requirement, citing paragraphs 10 and 11 of its Chief Marketing and Technology Officer's affidavit. In that portion of the affidavit, the affiant asserted that Releaf Labs' Thundersticks label is a "confusingly similar trademark" and its use constitutes "an appropriation of [Get Bak'd's] reputation, goodwill, business opportunities and revenues," and that Releaf Labs' use of the Thundersticks tradename "constitutes an appropriation of Plaintiff's reputation," which "infringe Plaintiff's rights in the Registered Trademark and harm Plaintiff's business reputation." No specific instances of this reputational harm are provided in the affidavit. And, although the affiant states that Get Bak'd has been damaged and is entitled to preliminary injunctive relief, the affidavit does not address the issue of whether the damage is claimed to be irreparable. In fact, the term "irreparable harm" does not appear in the affidavit.
¶11 At the hearing, Get Bak'd argued that "consumers are going to be confused" by the two similarly sounding product names but did not introduce any consumer testimony. Further, Get Bak'd did not identify any particular harm to its business reputation resulting from the alleged product confusion. In its appellate briefing, Get Bak'd speculates what "would happen if Releaf Labs sold a bad batch of its Thunder Sticks [sic] which made people sick." However, at the hearing, Get Bak'd did not attempt to show that Releaf Labs' product was inferior. The district court judge specifically asked if the Releaf Labs product was "inferior;" no evidence was offered to show that it was. And, it appears to be undisputed that during the relevant time Releaf Labs' ALTRD Thundersticks product won a "prestigious award" at an industry event in Oklahoma. Releaf Labs argued that Get Bak'd was more likely to benefit from, rather than be harmed by, any confusion between the two products.
¶12 Finally, the Chief Technology Officer's affidavit asserts that Get Bak'd "has no control over the quality of products or services offered by [Releaf Labs]." However, there is nothing in the record to establish that Get Bak'd was ever entitled to control over the quality of Releaf Labs' product or even had the ability to require Releaf Labs to meet its quality standards. Cf., Sonic Indus., LLC v. Simple Tie Ventures, LP, 2020 WL 4783917, at *5 (W.D. Okla. July 23, 2020) (finding irreparable harm because "the [franchise] agreements have been terminated, [and Sonic] has lost control over its trademark and the ability to exercise quality control, approve vendors, conduct inspections, etc."). Absent showing that Releaf Lab's product was actually inferior, the affidavit does not advance Get Bak'd's argument for irreparable harm.
A. The Federal Law Presumption of Irreparable Harm
¶13 Here, Get Bak'd relies on a federal law presumption of irreparable harm in trademark infringement cases. Get Bak'd cites 15 U.S.C. § 1116, an injunctive relief provision of the Lanham Act, 15 U.S.C. §§ 1051 through 1141n. In relevant part, section 1116(a) provides:
The several courts vested with jurisdiction of civil actions arising under this chapter shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under subsection (a), (c), or (d) of section 1125 of this title. A plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction or upon a finding of likelihood of success on the merits for a violation identified in this subsection in the case of a motion for a preliminary injunction or temporary restraining order.
Get Bak'd argues that this provision codifies the common law presumption of irreparable harm in trademark infringement cases, and that argument has merit.
¶14 In response, Releaf Labs argues that "most courts do not apply a categorical presumption of irreparable harm in trademark infringement cases." In particular, Releaf Labs relies on a patent infringement case, eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391, 126 S. Ct. 1837, 1839 (2006) ("[A] plaintiff seeking a permanent injunction . . . must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury . . . ."). Finding that the holder of a patent had similar rights to the holder of a copyright, the eBay Court observed that it "has consistently rejected invitations to replace traditional equitable considerations with a rule that an injunction automatically follows a determination that a copyright has been infringed." Id. at 392-93, 126 S. Ct. at 1840. Releaf Labs also cites Pizza Inn, Inc. v. Odetallah, 2021 WL 5985177 (W.D. Okla. Dec. 16, 2021), a case where the court denied a motion for preliminary injunction because the movant failed to present "concrete evidence regarding 'certain' irreparable harm." Id. at *2, and n.6 (citing eBay and JEG Powersports, LLC v. M & N Dealership VI, LLC, 2017 WL 3976296 (W.D. Okla. Sept. 8, 2017)). In JEG Powersports, the court found irreparable harm, unlikely to be compensable in monetary damages, and entered a permanent injunction following a jury's verdict that the plaintiff suffered substantial harm from the defendant's infringement of its tradename due to disruption to plaintiff's business caused by consumer confusion. JEG Powersports, 2017 WL 3976296, at *3.
¶15 Prior to the eBay decision, the United States Court of Appeals for the Tenth Circuit had followed most courts in holding that irreparable injury "'is frequently presumed where a trademark is wrongfully appropriated by another.'" Id. (quoting Lorillard Tobacco Co. v. Engida, 213 Fed. Appx. 654, 656--57 (10th Cir. 2007) (affirming denial of preliminary injunction and dissolution of temporary restraining order after plaintiff showed only that defendant possessed two packs of counterfeit cigarettes with packaging similar to plaintiff's trademarked packaging). The "presumption" of irreparable harm in trademark infringement cases had developed from years of judicial experience with the issue and the kinds of harm numerous plaintiffs consistently proved in such cases, leading to the conclusion that "irreparable injury 'ordinarily follows when a likelihood of confusion or possible risk to reputation appears' from infringement." Circuit City Stores, Inc. v. CarMax, Inc., 165 F.3d 1047, 1056 (6th Cir. 1999) (quoting Wynn Oil Co. v. American Way Serv. Corp., 943 F.2d 595, 608 (6th Cir. 1991)).
¶16 However, after the eBay decision, federal courts questioned whether a presumption of irreparable harm in trademark infringement cases remained viable because of similarity among the rights of patent, copyright and trademark holders. See, e.g., JEG Powersports, 2017 WL 3976296, at *3. That concern was alleviated on December 27, 2020, when Congress enacted the Trademark Protection Act of 2020, codifying the rebuttable presumption of irreparable harm in trademark infringement cases and amending the Lanham Act to add the "rebuttable presumption" language, quoted previously, to 15 U.S.C. § 1116(a).
¶17 As Get Bak'd correctly points out, the primary authority Releaf Labs cites to support its argument that "most courts do not apply a categorical presumption of irreparable harm in trademark infringement cases," relies on decisions predating the 2020 Lanham Act amendment. Pizza Inn, Inc. v. Odetallah, for example, does not address that amendment. However, in a subsequent case, the same federal district judge who decided Odetallah found: "In the context of trademark infringement, the Trademark Protection Act of 2020 ("TMA") created a rebuttable presumption of irreparable harm upon a finding of likelihood of success on the merits." Pizza Inn, Inc. v. Allen's Dynamic Food, Inc., 2023 WL 3015297, at *5, n.48 (W.D. Okla. April 19, 2023) (noting that Congress added the amendment "to remedy the impact on trademark cases of eBay . . . ."). See Sonic Indus. LLC v. Olympia Cascade Drive-Ins LLC, 2022 WL 3654748, at *5, n.43 (W.D. Okla. Aug. 24, 2022).
¶18 We agree with the legal analysis in, and the empirical basis for, those decisions adopting a presumption of irreparable harm in trademark infringement cases.
[3] That conclusion is supported by the fact that the Oklahoma Legislature has recognized that monetary damages may be insufficient to fully compensate a plaintiff in a trademark infringement case. See 78 O.S.2021 § 32, "Trade Marks and Labels - Remedies" (authorizing owner of registered trademark to "proceed by suit to enjoin the manufacture, use, display or sale of any counterfeits or imitations thereof . . . . [and] require the defendants to pay to such owner all profits derived from and/or all damages suffered . . . ."). More to the point, in the Deceptive Trade Practices Act section on "Remedies," the Legislature has specifically provided that a person: "damaged or likely to be damaged by a deceptive trade practice of another may maintain an action in any court of equitable jurisdiction to prevent, restrain or enjoin such deceptive trade practice. Proof of actual monetary damages, loss of profits or intent shall not be required." 78 O.S.2021 § 54(A). "It is a deceptive trade practice to misappropriate the trade name of another." Bell v. Davidson, 1979 OK 66, ¶ 4, 597 P.2d 753, 754 (footnote omitted).
¶19 We are also persuaded, as the 2020 Lanham Act amendment makes clear, that a presumption of irreparable harm in trademark infringement cases is rebuttable. Because we have assumed, for purposes of this Opinion, that Get Bak'd is likely to succeed on the merits of its trademark infringement case, we hold that Get Bak'd is entitled to a rebuttable presumption of irreparable harm with respect to its motion for a preliminary injunction. However, that presumption is not dispositive of Get Bak'd's appeal.
B. Evidence Rebutting the Presumption
¶20 The presumption to which Get Bak'd is entitled is not an evidentiary presumption. Cf., 12 O.S.2021 § 2301(1) ("A 'presumption' means a rule of procedure that when a basic fact exists the existence of another fact must be assumed . . . ."). The presumption of irreparable harm is not the presumption of a "fact." It is the presumption of a legal conclusion based on demonstrable facts the movant could, but is not required to, prove at that time. Here, it is the presumption that monetary damages will be inadequate to compensate for the injury resulting from the trademark infringement. As the district court observed, Get Bak'd has a remedy at law. In addition to its common law claims, Get Bak'd also sued for violations of Oklahoma's "Trade Marks and Labels" law, 78 O.S.2021 §§ 21 through 33, and its Deceptive Trade Practices Act, 78 O.S.2021 §§ 51 through 56. Both authorize the recovery of monetary damages in addition to injunctive relief. "When a remedy for any particular wrong or injury has been provided by statute, generally no redress can be afforded by injunction." Indep. Sch. Dist. No. 9 of Tulsa Cnty. v. Glass, 1982 OK 2, ¶ 9, 639 P.2d 1233, 1237.
¶21 As we have held, the presumption of irreparable harm in a trademark infringement case is rebuttable. Once it was established that Get Bak'd had available remedies at law, Get Bak'd was required to produce evidence to show that its legal remedies were inadequate. See Revolution Res., LLC v. Annecy, LLC, 2020 OK 97, ¶ 12, 477 P.3d 1133, 1141 (citing Marshall v. Homier, 1903 OK 84, ¶ 3, 74 P. 368, 369). "Where the alleged contemplated injury is such as can be fully compensated in money damages, and the defendants are wholly and unquestionably solvent and responsible, a temporary injunction should not be granted . . . ." Marshall, 1903 OK 84, ¶ 3, 74 P. at 369. Speculation about reputational harm is inadequate. "The right to injunctive relief must be established by clear and convincing evidence and the nature of the injury must not be nominal, theoretical or speculative." Revolution Res., 2020 OK 97, ¶ 12, 477 P.3d at 1141 (citing Sharp v. 251st Street Landfill, Inc., 1996 OK 109, 925 P.2d 546). Without evidence that Releaf Labs' Thundersticks product was inferior to Get Bak'd's Thunder Stixx, any adverse effect from the continued sale of that product is "theoretical or speculative." Revolution Res., 2020 OK 97, ¶ 12, 477 P.3d at 1141.
C. Equitable Basis for the Remedy
¶22 Preliminary injunctions must be issued "in accordance with equitable principles" and upon such terms as the court may deem reasonable "in light of all circumstances." Western Heights Indep. Sch. Dist. No. I-41 of Okla. Cnty. v. State ex rel. Okla. Dep't of Educ., 2022 OK 79, ¶ 54, 518 P.3d 531, 549 (emphasis in original). One of the equitable principles governing preliminary injunctions was discussed by the Oklahoma Supreme Court in Owens v. Zumwalt, 2022 OK 14, 503 P.3d 1211: "A preliminary injunction preserves the status quo until there can be a final determination of the controversy. . . . '[T]he status quo which will be preserved by preliminary injunction is the last actual, peaceable, noncontested status which preceded the pending controversy . . . .'" Id. ¶ 7, 503 P.3d at 1214 (internal citation omitted) (quoting Dusbabek v. Local Bldg. & Loan Ass'n, 1936 OK 769, ¶ 8, 63 P.2d 756, 759). Here, the parties had been selling their competing products in the same market for approximately one year before Get Bak'd filed this action. Cf., Kraft Foods Grp. Brands LLC v. Cracker Barrel Old Country Store, Inc., 735 F.3d 735, 736 (7th Cir. 2013) (cited by Get Bak'd) (where Kraft had been using its trademark "for more than half a century" before the alleged infringement occurred).
¶23 Further, the injunctive relief Get Bak'd requested would have required the district court to issue a mandatory injunction directing Releaf Labs to stop selling its Thundersticks product. "[O]rdinarily and generally [a mandatory injunction] should not be granted prior to the final hearing of the controversy, since, generally speaking, the purpose of a temporary injunction is to preserve the situation of the parties in status quo until a final determination of the controversy." State ex rel. State Highway Comm'n v. Gillam, 1940 OK 390, ¶ 11, 105 P.2d 773, 775 (cited by Owens v. Zumwalt, 2022 OK 14, ¶ 7, 503 P.3d 1211, 1214).[4]
¶24 In this case, equitable principles do not favor granting a preliminary injunction. Mandatory injunctions are not favored, an injunction is not necessary to preserve the status quo, and Get Bak'd has a statutory remedy which on the basis of this record is adequate for the recovery of any damage it has incurred from the alleged infringement of its trademark.
CONCLUSION
¶25 An "injunction is an extraordinary remedy, and relief by this means is not to be lightly granted." Amoco Prod. Co. v. Lindley, 1980 OK 6, ¶ 50, 609 P.2d 733, 745. "Granting or denying injunctive relief is generally within the sound discretion of the trial court . . . ." Sharp v. 251st St. Landfill, Inc., 1996 OK 109, ¶ 4, 925 P.2d 546, 549. "The discretion of the Court must be exercised within sound equitable principles, taking in all the facts and circumstances in the case." Amoco, 1980 OK 6, ¶ 50, 609 P.2d at 745. The minimal evidence in this record is sufficient to rebut the presumption of irreparable harm, even assuming that Get Bak'd is likely to succeed on the merits of its trademark infringement case. Further, equitable principles underlying the preliminary injunction remedy do not favor granting the mandatory injunction that Get Bak'd asked the district court to issue.
¶26 Because Get Bak'd has failed to show that the district court abused its discretion in denying the requested preliminary injunction, we affirm.
¶27 AFFIRMED.
HUBER, J., concurs, and BLACKWELL, P.J. concurs in result.
FOOTNOTES
[1] The factual statements in this section are taken primarily from the assertions in the parties' district court filings and appellate briefs. No evidentiary hearing was held to establish the relevant facts, nor was the district court asked to make findings of fact. We rely on the principle that admissions in the pleadings and factual statements in the briefs may provide additions to the appellate record. State ex rel. Macy v. Bd. of Cnty. Comm'rs of Cnty. of Okla., 1999 OK 53, n.8, 986 P.2d 1130, 1133; Stork v. Stork, 1995 OK 61, n.10, 898 P.2d 732, 737. However, as discussed infra Part II, it is the absence of evidence of irreparable harm in this case which is dispositive.
[2] In district court briefing, and also on appeal, the parties have used a two-word product name: "Thunder Sticks." We note that Get Bak'd attached Exhibit C to its motion for preliminary injunction, as "evidence" of Releaf's infringement of Get Bak'd's trademark rights. Exhibit C included Releaf's marketing materials, pictures of Releaf's product and materials from a cannabis distributor's website, all of which refer to a one-word ALTRD product name: "Thundersticks." We use that product name in this Opinion.
[3] We are not applying the Lanham Act in this case. As Releaf Labs points out, the nature of this business -- the state-sanctioned sale of marijuana products -- is illegal under federal law and would preclude either party from obtaining a trademark protected by the Lanham Act.
[4] Although there are limitations to this rule, i.e., "'when the need is urgent and the right is clear,'" the record does not establish their applicability in this case. Owens v. Zumwalt, 2022 OK 14, ¶ 8, 503 P.3d at 1214 (quoting State ex rel. State Highway Comm'n v. Gillam, 1940 OK 390, ¶ 11, 105 P.2d 773, 775).

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1989 OK 66, 773 P.2d 365, 60 OBJ 1139, 
Bowlin v. Alley
Discussed

 
1940 OK 390, 105 P.2d 773, 188 Okla. 10, 
STATE ex rel. STATE HWY. COMM'N v. GILLAM
Discussed at Length

 
1936 OK 769, 63 P.2d 756, 178 Okla. 592, 
DUSBABEK v. LOCAL BLDG. & LOAN ASS'N.
Discussed

 
1963 OK 85, 380 P.2d 943, 
HINES v. INDEPENDENT SCH. DIST. NO. 50, GRANT COUNTY
Discussed

 
1995 OK 61, 898 P.2d 732, 66 OBJ 1982, 
Stork v. Stork
Discussed

 
2005 OK 88, 125 P.3d 1219, 
BROWN v. OKLAHOMA SECONDARY SCHOOL ACTIVITIES ASSOCIATION
Discussed

 
1996 OK 109, 925 P.2d 546, 67 OBJ 2930, 
Sharp v. 251st Street Landfill, Inc.
Discussed at Length

 
1980 OK 6, 609 P.2d 733, 
Amoco Production Co. v. Lindley
Discussed at Length

 
2015 OK 58, 378 P.3d 54, 
EDWARDS v. BOARD OF COUNTY COMMISSIONERS
Discussed

 
1979 OK 66, 597 P.2d 753, 
BELL v. DAVIDSON
Discussed

 
2020 OK 88, 475 P.3d 862, 
IN THE MATTER OF THE ESTATE OF FORESEE
Discussed

 
2020 OK 97, 477 P.3d 1133, 
REVOLUTION RESOURCES v. ANNECY
Discussed at Length

 
2022 OK 14, 503 P.3 1211, 
OWENS v. ZUMWALT
Discussed at Length

 
2022 OK 79, 518 P.3d 531, 
WESTERN HEIGHTS INDEPENDENT SCHOOL DISTRICT v. STATE
Discussed at Length

 
1982 OK 2, 639 P.2d 1233, 
Independent School Dist. No. 9 of Tulsa County v. Glass
Discussed

 
1999 OK 53, 986 P.2d 1130, 70 OBJ 1820, 
State ex rel. Macy v. Board of County Commissioners
Discussed

 
1903 OK 84, 74 P. 368, 13 Okla. 264, 
MARSHALL v. HOMIER
Discussed at Length

Title 12. Civil Procedure

 
Cite
Name
Level

 
12 O.S. 952, 
Jurisdiction of Supreme Court
Cited

 
12 O.S. 1382, 
Cause for Temporary Injunction
Cited

 
12 O.S. 2301, 
Definitions
Cited

Title 78. Trade Marks and Labels

 
Cite
Name
Level

 
78 O.S. 21, 
Definitions
Cited

 
78 O.S. 32, 
Remedies
Cited

 
78 O.S. 51, 
Short Title
Cited

 
78 O.S. 54, 
Remedies
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA